# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GARNETT DAVIS, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | CASE NO.: 3:16-cv-169 |
| v. | ) ) | |
| COMBE INCORPORATED; COMBE PRODUCTS, INC.; COMBE LABORATORIES, INC.; and COMBE INTERNATIONAL LTD | ) ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff GARNETT DAVIS, on behalf of himself and all others similarly situated and for his Class Action Complaint alleges as follows:

## NATURE OF THE ACTION

1. This is an action for personal injury damages suffered by Plaintiff and Class Members as a direct and proximate result of the Defendants' negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of the hair care products and hair dyes known as Just For Men® and/or other Just For Men® branded products herein collectively referred to as Just For Men®.

2. Just For Men® hair care products and dyes are manufactured and/or sold by Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and/or Combe International LTD.

3. At all times relevant hereto, Just For Men® was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by the Defendants Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and/or Combe International LTD.

1

## PARTIES, JURISDICTION, AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all Members of the putative Classes are in excess of $5,000,000.00, exclusive of interest and costs, and many of the Members of the putative Classes are citizens of different states than Defendants. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

5.      Venue is properly set in this District pursuant to 28 U.S.C. § 1391(b) since Defendants transacts business within this judicial district. Likewise, a substantial part of the events giving rise to the claim occurred within this judicial district.

6.      Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, the Court has personal jurisdiction over Defendants, because Defendants are present in the State of Illinois, such that requiring an appearance does not offend traditional notions of fair play and substantial justice. Defendant Combe Laboratories, Inc.'s principal place of business is located in Rantoul, Illinois and it maintains a registered agent for service of process in the State of Illinois.

7.      This court has personal jurisdiction over Defendants pursuant to and consistent with the Constitutional requirements of Due Process in that Defendants, acting through their agents or apparent agents, committed one or more of the following:

        a.      The transaction of any business within the state;

        b.      The making of any contract within the state;

        c.      The commission of a tortious act within this state; and

        d.      The ownership, use, or possession of any real estate situated within this state.

8.      Requiring Defendants to litigate these claims in Illinois does not offend traditional

notions of fair play and substantial justice and is permitted by the United States Constitution. All of Plaintiff and Class Members' claims arise in part from conduct Defendants purposefully directed to Illinois. On information and belief, Defendants Just For Men® hair care products and dyes are sold at hundreds of local and national retailers, including, but not limited to Wal-Mart, Target, Walgreens, CVS, Schnuck's and Dierberg's, throughout the State of Illinois. On information and belief, Defendants avail themselves of numerous advertising and promotional materials regarding their defective products specifically intended to reach consumers in Illinois, including but not limited to advertisements on local Illinois television programs, advertisements on local Illinois radio broadcasts, advertisements on billboards in Illinois and advertisements in print publications delivered to consumers in the State of Illinois.

9.     Plaintiff and Class Members' claims arise out of Defendants' design, marketing and sale of Just For Men® hair care products and dyes in the State of Illinois.

10.     Defendants regularly conduct or solicit business and derive substantial revenue from goods used or consumed in, inter alia, the State of Illinois.

11.     Defendant Combe Incorporated is a Delaware corporation which has its principle place of business at 1101 Westchester Ave., White Plains, New York 10604.

12.     At all times relevant hereto, Defendant Combe Incorporated was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

13.     Upon information and belief, at all relevant times, Defendant Combe Incorporated was present and doing business in the State of Illinois.

14.     At all relevant times, Defendant Combe Incorporated, transacted, solicited, and conducted business in the State of Illinois and derived substantial revenue from such business.

3

15.     At all times relevant hereto, Defendant Combe Incorporated expected or should have expected that its acts would have consequences within the United States of America, and the State of Illinois in particular.

16.     Defendant Combe International LTD is a Delaware corporation which has its principal place of business at 1101 Westchester Ave., White Plains, New York 10604.

17.     At all times relevant hereto the Defendant Combe International LTD was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

18.     Upon information and belief, at all relevant times, Defendant Combe International LTD was present and doing business in the State of Illinois.

19.     At all relevant times, Defendant Combe International LTD, transacted, solicited, and conducted business in the State of Illinois and derived substantial revenue from such business.

20.     At all times relevant hereto, Defendant Combe International LTD expected or should have expected that its acts would have consequences within the United States of America, and the State of Illinois in particular.

21.     Defendant Combe Products, Inc. is a Delaware corporation which has its principle place of business at El Duque Industrial Park Carr, 971 Calle A, Naguabo, Puerto Rico 00718.

22.     At all times relevant hereto the Defendant Combe Products, Inc. was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

23.     Upon information and belief, at all relevant times, Defendant Combe Products, Inc. was present and doing business in the State of Illinois.

24.     At all relevant times, Defendant Combe Products, Inc. transacted, solicited, and

4

conducted business in the State of Illinois and derived substantial revenue from such business.

25.     At all times relevant hereto, Defendant Combe Products, Inc. expected or should have expected that its acts would have consequences within the United States of America, and the State of Illinois in particular.

26.     Defendant Combe Laboratories, Inc. is a Delaware corporation which has its principle place of business at 200 Shellhouse Dr., Rantoul, IL 61866.

27.     At all times relevant hereto, Defendant Combe Laboratories, Inc. was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

28.     Upon information and belief, at all relevant times, Defendant Combe Laboratories, Inc. was present and doing business in the State of Illinois.

29.     At all relevant times, Defendant Combe Laboratories, Inc. transacted, solicited, and conducted business in the State of Illinois and derived substantial revenue from such business.

30.     At all times relevant hereto, Defendant Combe Laboratories, Inc. expected or should have expected that its acts would have consequences within the United States of America, and the State of Illinois in particular.

31.     Defendants Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and Combe International LTD shall herein be collectively referred to as "Defendants."

## FACTUAL ALLEGATIONS

32.     Defendants developed, designed, formulated, manufactured, packaged, labeled, advertised, marketed, instructed on, warned about, distributed and sold Just For Men® hair care and dye products since at least 1987.

33.     Just For Men® is a cosmetic hair care dye intended to improve appearance and alter

hair and facial hair color.

34.     Even if used as directed, Defendants failed to adequately warn against the negative effects and risks associated with this product including, but not necessarily limited to, long term usage and the cumulative effects of long term usage, all discussed elsewhere in this Complaint.

35.     Defendants knew or should have known that Just For Men® products create an unnecessary risk of burns, scarring, allergic reactions, anaphylactic shock, skin depigmentation, and other severe injuries with use including, but not limited to, prolonged and cumulative usage.

36.     In omitting, concealing, and inadequately providing critical safety information regarding the use of Just For Men® in order to induce its purchase and use, Defendants engaged in and continue to engage in conduct likely to mislead consumers including Plaintiff and Class Members. This conduct is fraudulent, unfair, and unlawful.

37.     Defendants, the self-proclaimed "champions of facial hair," knew or should have known that Just For Men® created an increased risk of injury but Defendants failed to disclose to consumers, including Plaintiff and Class Members, the risk of injury, rates of adverse reaction, and other problems known to Defendants.

38.     Defendants boast that Just For Men® products are backed by "three decades of research and have delivered great results over 50 million times" despite the knowledge that thousands of consumers a year are severely and permanently injured by their Just For Men® products. Further, this statement is inaccurate, misleading, and not supported by any scientific facts or knowledge.

39.     Defendants knew or should have known that the chemicals in their Just For Men® products, including, but not limited to, p-Phenylenediamine (herein "PPD"), are associated with health risks yet, Defendants did not adequately warn consumers, including Plaintiff and Class

Members.

40.     Just For Men® is permanent hair coloring which utilizes oxidation in the dying process.

41.     The EPA lists several links between PPD and several acute and chronic injuries including but not limited to:

    a.  Severe dermatitis;

    b.  Renal failure;

    c.  Acute Contact Dermatitis;

    d.  Vitiligo;

    e.  Convulsions and comas; and

    f.  Eczematoid contact dermatitis;

42.     Defendants do not warn about any of the conditions listed in the preceding paragraph on their packaging or product inserts.

43.     A 2006 article published in the Journal of Toxicology and Environmental Health found a link in at least one study between hair dyes and certain cancers including bladder cancer, non-Hodgkin's lymphoma, and blood cancers such as myeloma and leukemia.

44.     In 2006, PPD was named allergen of the year by the American Contact Dermatitis Society.

45.     PPD is one of five substances listed as a "strong sensitizer" by the Consumer Product Safety Commission.

46.     As defined by 16 CFR 1500.13, "strong sensitizer" substances have a significant potential for causing hypersensitivity.

47.     Throughout Europe PPD is widely known as an "extreme sensitizer."

48.     Defendants place no restrictions concerning cumulative or repeated use of their products or PPD on their packaging, despite the known risks of repeated exposure to their products and PPD.

49.     Defendants knew or should have known that more than 5% of the population will have an adverse reaction to PPD, yet, Defendants concealed and withheld this information from the public.

50.     PPD has been linked to severe and sudden allergic reactions including serious skin irritation, anaphylaxis and even death.

51.     Defendants do not properly warn consumers on their product labels, inserts, or marketing materials that PPD in Just For Men® Products can cause anaphylaxis and death.

52.     Defendants knew or should have known about the increased risk created by cumulative use, but Defendants failed to put instructions or warnings related to such use or the number of times a person could use their Just For Men® products safely.

53.     Although, consistent with 21 U.S.C. 361(a), Defendants instruct users to conduct a preliminary test to help determine whether a user will have an adverse reaction to Defendants' product, the preliminary test Defendants recommend and the directions and instructions for its administration are inadequate.

54.     Defendants recommend a self-applied "skin patch test" on a consumer's arm prior to use. Defendants recommend this test despite knowing that facial skin is more sensitive and may react differently than the arm or other parts of the body. Defendants provide no guidelines on how to test their Just For Men® products on a consumer's face prior to use.

55.     Defendants knew or should have known that their skin patch test is an inadequate method to determine if a user will have an adverse reaction to PPD.

56.     The universal standard for identifying skin allergies, including acute contact dermatitis to PPD, is the patch test which is administered and monitored by a dermatologist or similar trained medical professional over 7-10 days.

57.     During a patch test, a trained medical professional places small quantities of known allergens on the patient's back. The test areas are then covered with special hypoallergenic adhesive tape so the patches stay in place undisturbed for 48 hours.

58.     Generally, a patch test administered by a medical professional requires two to three appointments so that the reactions can be carefully monitored by the dermatologist.

59.     Despite the knowledge that more accurate patch tests conducted by trained medical professionals are done over the course of several days or even weeks, Defendants wrongly and negligently fail to advise Just For Men® consumers of the benefits of having a patch test done by a medical professional.

60.     In December 2007, the European Commission Scientific Committee on Consumer Products released an Opinion titled "Sensitivity to Hair Dyes – Consumer Self Testing." The Committee concluded that at home skin tests, given for the purpose of providing an indication as to whether an individual consumer may or may not have a contact allergy to hair dye chemicals, were unreliable. The committee specifically found that:

   a.   Self-Testing leads to misleading and false-negative results thus giving individuals who are allergic to hair dye substances the false impression that they are not allergic and not at risk of developing an allergic reaction by dyeing their hair;

   b.   There is a potential risk that "self-tests" result in induction of skin sensitization to hair dye substances;

   c.   The self-test recommendations were not standardized and uncontrolled allowing

for large variations in dose, number of applications, and duration of exposure;

    d.   False negative results from self-testing are considered to be the largest problem;

    e.   48 hours known to be too short as patch test reactions may develop up to seven days after application;

    f.   Self-test locations on the arm or behind the ear are not reliable, while patch testing done on the back is good for reproducibility; and

    g.   Self-tests are not performed or observed by trained observers.

61.    Defendants do not warn or disclose that self-testing, such as the test recommended by Defendants, is not as effective or reliable as a doctor performed test as described elsewhere in this Complaint.

62.    Nowhere on their product packaging or inserts, webpage, or marketing materials do Defendants recommend that consumers undergo a patch test with a dermatologist before using Just For Men® products.

63.    Defendants advise that a consumer "not wash, cover, or disturb the test area for 48 hours." The burden to comply with Defendants' version of an allergy test is too high and essentially unfeasible. The risk of accidental contamination renders the "test" useless.

64.    For example, during Defendants' version of an allergy test, for two days, Consumers are unrealistically expected to:

    a.   Not shower;

    b.   Not wear long sleeve shirts;

    c.   Not accidently rub against anything;

    d.   Not sweat; and

    e.   Not close the elbow.

65. Defendants knew or should have known that a percentage of consumers would have an allergic reaction to their products but fail to advise consumers to undergo proper allergy testing before using their products.

66. Despite knowing that a certain percentage of the population would have an allergic reaction to their products, Defendants failed to warn or disclose such rates of reaction to consumers and the public in general.

67. Defendants knew or should have known that their recommended skin patch test is inadequate to accurately identify potential reactions to their products.

68. Defendants, knew or should have known that their test was not adequate because:

   a. The instructions and directions for use did not disclose that Defendants' at-home test was not a substitute for a patch-test administered or monitored by a trained medical professional and that more accurate results could be obtained by a test administered by a trained medical professional;

   b. The risk that the test would be performed in the wrong area;

   c. the risk that the amount of product used would be wrong;

   d. the arm is not the appropriate location for a skin allergy test;

   e. the risk of false negatives or false positives is high;

   f. The area that is tested is not covered or protected during the test; and

   g. The risk that the product would be disturbed by clothing or daily activities is high.

69. Consumers, including Plaintiff and Class Members, detrimentally relied on Defendants' instructions and patch test.

70. Defendants knew or should have known that it is highly unlikely that a consumer would be able to perform Defendants' version of the patch test properly and obtain reliable results.

11

71.     In addition, Defendants know or should have known that sensitization to PPD during a skin patch test is likely to occur in a certain percentage of the population.

72.     When sensitization occurs during a patch test, the consumer will have a late reaction to the PPD more than 48 hours, or not at all, after exposure rendering the Defendants testing procedure useless.

73.     Due to sensitization during a patch test, it is possible for consumers to have a negative skin patch test result and still have a severe reaction to Defendants' products including but not limited to Just For Men®.

74.     Despite this, Defendants do not warn or disclose the risks of sensitization during a skin patch test.

75.     Defendants' provide inadequate instructions on how to combine the Color Base and Color Developer before application. Defendants use ambiguous words such as "small" and "equal" parts but provide no tools or methods to measure the actual amount of each chemical or to ensure that equal amounts are being applied.

76.     Defendants provide no instructions on what is meant by a "small" amount of chemicals leaving the consumer to guess at the proper testing procedure.

77.     Without precise measuring tools, it is impossible to determine if "equal" amounts of each chemical are being mixed for application.

78.     Even if the product's patch test was adequate and reliable, which it is not, the vague, ambiguous, and inadequate instructions for its use render the test inadequate at best and useless at worst.

79.     Defendants fail to warn or disclose the probability that a user will have an adverse reaction to Just For Men® products.

80.     Defendants spend millions of dollars to advertise nationally via television and internet, but do not warn about any adverse reactions on their website or their television commercials.

81.     Defendants do not have any information about adverse reactions or any warning or precautions in their FAQ section on their website. In fact, their website is completely devoid of safety information or information related to adverse reactions regarding their Just For Men® products.

82.     There are safer and cheaper alternatives to PPD available to Defendants for use in Just For Men® products. However, despite the known risks of PPD, Defendants continue to use PPD in their products.

83.     Safer known alternatives include but are not limited to:

   a.   Henna based hair dyes;

   b.   Para-toluenediamine sulfate hair dyes; and

   c.   Other semi-permanent dyes.

84.     Defendants fail to warn about or disclose the true nature and extent of the risk of serious adverse reactions posed by Just For Men® products in the general population of users or consumers.

85.     Defendants also fail to warn or disclose that certain colors of Just For Men® products contain an increased amount of PPD posing a greater risk of an adverse reaction for consumers who use those particular colors.

86.     Furthermore, Defendants fail to warn or disclose that African American consumers are at dramatically higher risk of an acute reaction to PPD than those of Caucasian decent.

87.     In 2001, a study performed by the Cleveland Clinic concluded that the sensitization

rate of PPD in African American users overall (men and women) was 10.6% versus 4.5% in Caucasians. The study further concluded that the sensitization rate of PPD in African American men in particular was 21.2% compared to 4.2% in Caucasians.

88.     Just For Men® products have an unacceptable and unreasonable rate of adverse reaction in the general population. Further, the unacceptable and unreasonable rate of adverse reaction is even higher in certain population groups, such as African American men.

89.     Despite knowing that the overall population of consumers were already at an increased risk of experiencing an adverse reaction to PPD, and that African American men in particular were five times as likely to experience an adverse reaction to PPD, Defendants aggressively targeted the African American community in their marketing and advertising.

90.     In addition, other scientific studies have found increased sensitization rates to predominately dark-haired populations including 11.5% in India and 15.2% in Spain.

91.     In fact, PPD is now known as one of, if not the most, common allergens in the African American population, even rivaling nickel which is the leading cause of Allergic Contact Dermatitis ("ACD") in the world.

92.     Defendants knew or should have known that consumers were at a greater risk of experiencing an adverse reaction while using PPD compared to other hair dye products, and Defendants knew or should have known that consumers with darker hair, including but not limited to African Americans, were at an even greater risk of experiencing an adverse reaction to PPD.

93.     Despite this knowledge, Defendants failed to warn or disclose to their consumers that they were exposed to a significantly increased risk of suffering an adverse reaction.

94.     Defendants also knew or should have known that there is a substantial likelihood of serious bodily injury when using Just For Men® products because they contains PPD. However,

14

Defendants failed to warn or disclose this to consumers and the public in general.

95.     Instead, Defendants represented that their product was safe and effective when used as directed even though Defendants knew or should have known that their 48 hour allergy test was flawed and ineffective.

96.     Defendants also failed to warn or disclose to consumers and the public in general that African Americans are more than two times as likely to have a severe reaction to their products as other consumers, and that African-American men are five times more likely to have such a reaction.

97.     Defendants' warning label for Just For Men® inadequately addresses and warns of potential adverse health risk associated with the use of the product, as set forth in this Complaint. Even when such risks are mentioned, they are minimized and downplayed, further reducing the utility, if any, of the products' warnings.

98.     Defendants actively marketed Just For Men® to consumers knowing that it would cause serious and severe reactions to consumers and failed to warn or disclose this fact to consumers and the public in general.

99.     Defendants have an internal claims process in place to obtain liability releases and compensate consumers who are injured by Just For Men® products.

100.    Defendants' claim process is in place to cover up any problems associated with their Just For Men® products and prevent consumers who are injured from taking legal action.

101.    Plaintiff and Class Members are unaware of a single clinical trial or study performed by Defendants related to the injury rate and/or safety of any of their Just For Men® products.

102.    Defendants have a duty to monitor the safety of their products and it is reasonable

for them to conduct multiple clinical trials and/or studies related to the safety of their Just For Men® products. However, Defendants have failed to do so.

103.    Defendants knew or should have known of the high number of adverse reactions and injuries related to their Just For Men® products from a multitude of sources, including but not limited to their internal claims process, making their failure to conduct any studies or clinical trials particularly egregious.

<u>**PLAINTIFFS' USE OF JUST FOR MEN**</u>

104.    Plaintiff Garnett Davis is and was at all times alleged herein a citizen of the State of Illinois and currently resides in East St. Louis, Illinois.

105.    Plaintiff Garnett Davis purchased Just For Men® on numerous occasions, including but not limited to, in or about December 2014 within East St. Louis, Illinois. Plaintiff Garnett Davis applied Just For Men® as directed in or about December 2014 within East St. Louis, Illinois. Plaintiff Garnett Davis suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff Garnett Davis obtained medical treatment.

<u>**CLASS ACTION ALLEGATIONS**</u>

106.    Plaintiff brings this action on his own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class:

> All persons in the United States who purchased a Just For Men® product for personal use and who then suffered personal injuries as a result of the use of the Just For Men® product.

Excluded from the Class are Defendants and their affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded is any trial judge who may preside over this cause.

107. The Members of the Class are so numerous that joinder of all Members is impracticable. On information and belief, millions of consumers have purchased a Just For Men® product. Disposition of the claims of the proposed Class in a class action will provide substantial benefits to both the parties and the Court.

108. The rights of each member of the proposed Class were violated in a similar fashion based upon Defendants' uniform wrongful actions and/or inaction.

109. The following questions of law and fact are common to each proposed Class Member and predominate over questions that may affect individual Class Members:

a. Whether Defendants acted negligently and/or fraudulently in the design, manufacture, testing, marketing and distribution into the stream of commerce of Just For Men® products.

b. Whether the Just For Men® products manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants were defective in their manufacture and construction.

c. Whether Defendants engaged in marketing and promotional activities which were likely to deceive consumers by omitting, suppressing, and/or concealing the true efficacy and safety of Just For Men® products;

d. Whether Defendants omitted, suppressed, and/or concealed material facts concerning Just For Men® products from consumers;

e. Whether the foreseeable risks of the Just For Men® products exceeded the benefits associated with their design or formulation;

f. Whether Defendants adequately warned consumers of the risks associated with the use of Just For Men® products;

g. Whether the Just For Men® products manufactured and sold by Defendants conformed to Defendants' express representations;

h. Whether the Just For Men® products were of merchantable quality and safe for their intended use;

i. Whether Just For Men® products were more dangerous than an ordinary consumer would expect; and

j.    Whether the Class has been damaged and, if so, the extent of such damages.

110.    Plaintiff's claims are typical of the claims of absent Class Members. If brought individually, the claims of each Class Member would necessarily require proof of the same material and substantive facts, and seek the same remedies.

111.    Plaintiff is willing and prepared to serve the Court and the proposed Class in a representative capacity. Plaintiff will fairly and adequately protect the interest of the Class and have no interests adverse to, or which directly and irrevocably conflicts with, the interests of other Members of the Class. Further, Plaintiff has retained counsel experienced in prosecuting complex class action litigation.

112.    Defendants have acted or refused to act on grounds generally applicable to the proposed Class, thereby making appropriate equitable relief with respect to the Class.

113.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual claims by the Class Members are impractical, as the costs of prosecution may exceed what any Class Member has at stake. Serial adjudication in numerous venues is furthermore not efficient, timely or proper. Judicial resources will be unnecessarily depleted by resolution of individual claims. Joinder on an individual basis of thousands of claimants in one suit would be impractical or impossible.

114.    Members of the Class are readily ascertainable through Defendants' records and files and from other sources.

115.    Prosecuting separate actions by individual Class Members would create a risk of inconsistent or varying adjudications that would establish incomparable standards of conduct for Defendants. Moreover, adjudications with respect to individual Class Members would, as a practical matter, be dispositive of the interests of other Class Members.

## TOLLING OF THE STATUTE OF LIMITATIONS

116.    Defendants' fraudulent and wrongful behavior occurred nationwide, and did not stop at the borders of Illinois. The filing of this Class Action Complaint serves to toll and preserve the claims of the Class and other purchasers who were defrauded and injured by Defendants' wrongful and unlawful acts, and the commencement of this action suspends the applicable statute of limitations as to all asserted members of the Class who would have been parties had the suit been permitted to continue as a class action until a district judge declines to certify a class, or certifies a class that excludes particular persons.

117.    Defendants at all relevant times knew or should have known of the problems and defects with Just For Men® products, and the falsity and misleading nature of Defendants' statements, representations and warranties with respect to Just For Men® products. Defendants concealed and failed to notify Plaintiff, the Class members, and the public of such defects.

118.    Any applicable statute of limitation has therefore been tolled by Defendants' knowledge, active concealment and denial of the facts alleged herein, which behavior is ongoing.

## COUNT I
## STRICT PRODUCTS LIABILITY DEFECTIVE MANUFACTURING

119.    Plaintiff and the Class Members incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

120.    The Just For Men® manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants, was defective in its manufacture and construction when it left the hands of Defendants in that it deviated from product specifications posing a serious risk of injury.

121.    As a direct and proximate result of Plaintiff and the Class Members' use of Just For Men® products as manufactured, designed, sold, supplied and introduced into the stream of

commerce by Defendants, Plaintiff and the Class Members suffered harm, damages and economic loss and will continue to suffer such harm.

122.    Upon information and belief, one or more "lots" and/or "batches" of Just For Men® were defective in their manufacture and construction when they left the hands of Defendants in that they deviated from product specifications posing a serious risk of injury.

123.    Upon information and belief, Plaintiff and the Class Members purchased and were injured by one or more of the "lots" and/or "batches" of Just For Men® that was defectively manufactured by Defendants.

124.    As a direct and proximate result of the foregoing, Plaintiff and the Class Members are entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this were done maliciously, oppressively deliberately, with intent to defraud and in reckless disregard of Plaintiff and Class members' rights and well-being in order to enrich Defendants.

WHEREFORE, Plaintiff and the Class pray for Judgment in their favor and against Defendants on this Count of their Complaint; for actual and compensatory damages; for punitive or exemplary damages; for costs, expenses and attorney fees as allowed by law; and for such other and further relief as this Court deems just and proper.

## COUNT II
## STRICT PRODUCTS LIABILITY DESIGN DEFECT

125.    Plaintiff and the Class Members incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

126.    Defendants are the manufacturers, designers, distributors, sellers, and/or suppliers of hair care products and hair dyes including Just For Men®.

127.    The Just For Men® manufactured and supplied by Defendants was defective in

design or formulation in that, when it left the hands of the Defendants, the foreseeable risks of the product exceeded the benefits associated with its design or formulation, or it was more dangerous than an ordinary consumer would expect.

128. The Just For Men® that Plaintiff and the Class Members used had not been materially altered or modified prior to their use.

129. The foreseeable risks associated with the design or formulation of Just For Men®, include, but are not limited to, the fact that the design or formulation of Just For Men® is more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner.

130. Just For Men® is also defectively designed because it contains the unreasonably dangerous ingredient PPD, though there are reasonably safer, and effective alternatives to hair dye that do not contain PPD.

131. Just For Men® is also defectively designed because it causes an unreasonably high rate of adverse dermatological and other reactions in the general populace and to darker skinned populations, specifically, including African-Americans.

132. Just For Men® is also defectively designed because the patch test selected by Defendants, and the method by which Defendants have chosen to instruct users to conduct the patch test, is unreasonable, unsafe, unreliable, and ineffective,

133. Just For Men® is also defectively designed because the patch test, and the method by which Defendants have chosen to instruct users to conduct it, imposes unreasonable and unrealistic standards on users, greatly limiting the effectiveness of the tests, if any. These problems include but are not limited to, the unreasonable instruction to leave the tested area of skin uncovered and undisturbed, when the risk of contamination is unreasonably high.

134.    Just For Men® is also defectively designed because its cautions and/or warnings are inadequate, as set forth in the Complaint, for the following reasons, among others:

a.    Just For Men® products fail to warn of the rates of adverse reaction among the general population and among certain population groups, such as African Americans;

b.    Defendants minimize and downplay those risks associated with Just For Men® hair dye that they chose to disclose;

c.    Just For Men® products fail to advise its users of the benefits of undergoing a patch test conducted by a medical professional;

d.    Just For Men® products fail to display and advise of the product's risks, proper use, or need to conduct a patch test in an effective and reasonable manner;

e.    Just For Men® products fail to provide adequate or reasonable instructions as to the use of the patch test included with the product; and

f.    Just For Men® products fail to advise users that the patch test, as Defendants have chosen to instruct users to conduct it, of problems with reliability, sensitization, and effectiveness, among others problems.

135.    As a direct and proximate result of Plaintiff and the Class Members' use of Just For Men® as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiff and the Class Members individually suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

136.    As a direct and proximate result of the foregoing, Plaintiff and the Class Members are individually entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this were done maliciously,

oppressively deliberately, with intent to defraud and in reckless disregard of Plaintiff and Class members' rights and well-being in order to enrich Defendants.

WHEREFORE, Plaintiff and the Class pray for Judgment in their favor and against Defendants on this Count of their Complaint; for actual and compensatory damages; for punitive or exemplary damages; for costs, expenses and attorney fees as allowed by law; and for such other and further relief as this Court deems just and proper.

## COUNT III
## STRICT PRODUCTS LIABILTY – DEFECT DUE TO INADEQUATE WARNING

137.    Plaintiff and the Class Members incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

138.    The Just For Men® manufactured and supplied by Defendants was defective due to inadequate warning or instruction because Defendants knew or should have known that the product created significant risks of serious bodily harm to consumers and they failed to adequately warn consumers and/or their health care providers of such risks as follows:

    a.  Defendants knew or, in the exercise of reasonable care, should have known that hair care products and dyes such as Just For Men® that are marketed to be used repeatedly as a cosmetic hair product present a risk of severe reactions and permanent scarring and other adverse reactions in large numbers; and

    b.  Defendants failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning the risk of injuries from use and repeated use of Just For Men®, in light of the likelihood that the product would cause the harm claimed by Plaintiff and the Class Members and in light of the likely seriousness of that harm.

139.    Defendants, as manufacturers of Just For Men®, are held to the level of knowledge

23

of an expert in the field of that type of hair care product, and had a duty to warn its consumers of the dangers associated with Just For Men® and failed to do so.

140.    Defendants failed to reasonably or adequately warn users of this risks of Just For Men® for the following reasons, among others:

a.  Just For Men® products fail to warn of the rates of adverse reaction among the general population and among certain population groups, such as African Americans;

b.  Defendants minimize and downplay those risks associated with Just For Men® hair dye that they chose to disclose;

c.  Just For Men® products fail to advise its users of the benefits of undergoing a patch test conducted by a medical professional;

d.  Just For Men® products fail to display and advise of the product's risks, proper use, or need to conduct a patch test in an effective and reasonable manner;

e.  Just For Men® products fail to provide adequate or reasonable instructions as to the use of the patch test included with the product; and

f.  Just For Men® products fail to advise users that the patch test, as Defendants have chosen to instruct users to conduct it, has problems with reliability, sensitization, and effectiveness, among others problems.

141.    The Just For Men® manufactured and supplied by Defendants was defective due to inadequate post-marketing warning or instruction because, after Defendants knew or should have known of the risk of serious bodily harm, as set forth herein, from the use of Just For Men®, Defendants failed to provide an adequate warning to consumers of the product, knowing the product could cause serious injury as set forth herein.

142.    As a direct and proximate result of Plaintiff and the Class Members' use of Just For Men® as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiff and the Class Members individually suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

143.    As a direct and proximate result of the foregoing, Plaintiff and the Class Members are entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this were done maliciously, oppressively deliberately, with intent to defraud and in reckless disregard of Plaintiff and Class members' rights and well-being in order to enrich Defendants.

WHEREFORE, Plaintiff and the Class pray for Judgment in their favor and against Defendants on this Count of their Complaint; for actual and compensatory damages; for punitive or exemplary damages; for costs, expenses and attorney fees as allowed by law; and for such other and further relief as this Court deems just and proper.

## COUNT IV
## STRICT PRODUCTS LIABILTY DUE TO
## NON CONFORMANCE WITH REPRESENTATIONS

144.    Plaintiff and the Class Members incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

145.    As set forth in this Complaint, Defendants made multiple material representations concerning the safety and effectiveness of Just for Men® hair dye, and minimized and downplayed those risks they chose to disclose

146.    The Just For Men® manufactured and supplied by Defendants was defective in that, when it left the hands of Defendants, it did not conform to representations made by Defendants concerning the product.

147.     These material misrepresentations made by the Defendants are false as evidenced by the extreme number of adverse reactions to their Just For Men® products by consumers including but not limited to Plaintiff and the Class Members.

148.     As a direct and proximate result of Plaintiff and the Class Members' use of the Just For Men® and their reliance on Defendants' representations regarding the safety of Just For Men®, Plaintiff and the Class Members individually suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

149.     As a direct and proximate result of the foregoing, Plaintiff and the Class Members are individually entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this were done maliciously, oppressively deliberately, with intent to defraud and in reckless disregard of Plaintiff and Class members' rights and well-being in order to enrich Defendants.

WHEREFORE, Plaintiff and the Class pray for Judgment in their favor and against Defendants on this Count of their Complaint; for actual and compensatory damages; for punitive or exemplary damages; for costs, expenses and attorney fees as allowed by law; and for such other and further relief as this Court deems just and proper.

## COUNT V
## NEGLIGENCE

150.     Plaintiff and the Class Members incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

151.     Defendants had a duty to exercise reasonable care in the design, manufacture, testing, marketing and distribution into the stream of commerce of Just For Men®, including a duty to insure that Just For Men® did not pose a significantly increased risk of injury to Plaintiff and the Class Members and other consumers.

152.    Defendants failed to exercise reasonable care in the design, manufacture, testing, marketing and distribution into the stream of commerce of Just For Men®. Defendants knew or should have known that hair dye that is marketed to be used on a regular basis to improve cosmetic appearance presents a risk of severe injuries, including burns, weeping, sores, oozing, scarring and other permanent skin reactions therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, and therefore was not safe for use by Plaintiff and the Class Members or other consumers.

153.    Defendants failed to exercise reasonable care in the manner and method by which it warned users of the risks associated with use of Just For Men ®, for the reasons set forth in this Complaint.

154.    Defendants failed to exercise reasonable care in the patch test it chose to include with this product, and further failed to exercise reasonable care in the instructions as to how to conduct the patch test, all as set forth elsewhere in the Complaint.

155.    Despite the fact that Defendants knew or should have known that Just For Men® could cause severe reactions in consumers and therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, Defendants continued to market Just For Men® as a safe and effective hair dye

156.    Despite the fact that Defendants knew or should have known that Just For Men® could cause severe reactions in consumers and therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, Defendants failed to use ordinary care in warning Plaintiff and the Class Members and other consumers of this risk.

157.    As a direct and proximate result of Defendants' negligence, Plaintiff and the Class Members have suffered significant damages, including but not limited to physical injury, pain and suffering and further treatment and will continue to suffer such damages in the future.

158.    In taking the actions and omissions that caused these damages, Defendants actions and omissions were done maliciously, oppressively deliberately, with intent to defraud and in reckless disregard of Plaintiff and Class members' rights and well-being in order to enrich Defendants.

WHEREFORE, Plaintiff and the Class pray for Judgment in their favor and against Defendants on this Count of their Complaint; for actual and compensatory damages; for punitive or exemplary damages; for costs, expenses and attorney fees as allowed by law; and for such other and further relief as this Court deems just and proper.

## COUNT VI
## BREACH OF EXPRESS WARRANTY

159.    Plaintiff and the Class Members incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

160.    Defendants expressly warranted that Just For Men® was a safe and effective hair dye.

161.    Defendants expressly warrant that their product is safe and effective and that Just for Men® products "are backed by over three decades of research and have delivered great results over 50 million times."

162.    The Just For Men® products manufactured and sold by Defendants did not conform to these express representations because they caused serious injury to Plaintiff and the Class Members when used as recommended and directed.

163.    As a direct and proximate result of Defendants' breach of warranty, Plaintiff and

the Class Members have suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

WHEREFORE, Plaintiff and the Class pray for Judgment in their favor and against Defendants on this Count of their Complaint; for actual and compensatory damages; for punitive or exemplary damages; for costs, expenses and attorney fees as allowed by law; and for such other and further relief as this Court deems just and proper.

**COUNT VII**
**BREACH OF IMPLIED WARRANTY**

164.    Plaintiff and the Class Members incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

165.    At the time Defendants designed, manufactured, marketed, sold, and distributed Just For Men® for use by Plaintiff and the Class Members, Defendants knew of the use Just For Men® was intended for and impliedly warranted the product to be of merchantable quality and safe for such use and that its design, manufacture, labeling and marketing were sufficient.

166.    Plaintiff and the Class Members each individually and reasonably relied upon the skill and judgment of Defendants as to whether Just For Men® was of merchantable quality and safe for its intended use and upon Defendants' implied warranty as to such matters.

167.    Contrary to such implied warranty, the Just For Men® was not of merchantable quality or safe for its intended use, because the product was unreasonably dangerous and defective as described above.

168.    As a direct and proximate result of Defendants' breach of warranty, Plaintiff and the Class Members have individually suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

WHEREFORE, Plaintiff and the Class pray for Judgment in their favor and against Defendants on this Count of their Complaint; for actual and compensatory damages; for punitive or exemplary damages; for costs, expenses and attorney fees as allowed by law; and for such other and further relief as this Court deems just and proper.

## COUNT VIII
## NEGLIGENT REPRESENTATION AND FRAUD

169.   Plaintiff and the Class Members incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

170.   As set forth in this Complaint, Defendants made multiple material representations concerning the safety and effectiveness of Just for Men ® hair dye, and minimized and downplayed those risks they chose to disclose.

171.   These material misrepresentations made by the Defendants are false as evidenced by the extreme number of adverse reactions to their Just For Men® products by consumers including but not limited to Plaintiff and the Class Members.

172.   When Defendants made these material representations, they knew that they were false, and Defendants made the material representations recklessly without any knowledge of their truth and a positive assertion.

173.   Defendants had actual knowledge based upon studies, published reports and clinical experience that its product, Just For Men® created an unreasonable risk of serious bodily injury yet Defendants negligently misrepresented to Plaintiff and the Class Members that their hair dyes were safe and met all applicable design and manufacturing requirements.

174.   Defendants made these false, material representations with the intention of inducing buyers, including Plaintiff and the Class Members, to act by purchasing the Just For Men® by appealing to the buyers' desire to improve their appearance.

175.    Plaintiff and the Class Members acted in justifiable reliance on these material representations made by Defendants in that they purchased Just For Men® products specifically under the belief that they would provide the claimed cosmetic benefits if used in the manner directed by the labeling.

176.     As a direct and proximate result of Defendants' fraudulent and/or negligent actions and omissions, Plaintiff and the Class Members used Just For Men® and suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

177.    Defendants' actions and omissions as identified in this were done maliciously, oppressively deliberately, with intent to defraud and in reckless disregard of Plaintiff and the Class Members' rights and well-being in order to enrich Defendants.

WHEREFORE, Plaintiff and the Class pray for Judgment in their favor and against Defendants on this Count of their Complaint; for actual and compensatory damages; for punitive or exemplary damages; for costs, expenses and attorney fees as allowed by law; and for such other and further relief as this Court deems just and proper.

## PRESERVATION CLAIMS

178.    Plaintiff and the Class Members hereby incorporate by reference all allegations contained in the preceding paragraphs, as though fully set forth herein.

179.    Many States have recently enacted tort reform statutes with "exclusive remedy" provisions. Courts have yet in full to determine whether these exclusive remedy provisions eliminate or supersede state common law claims and to what extent. If during the pendency of this action this court makes any such determination, Plaintiff and the Class Members hereby specifically make claim to and preserves any State claim based upon any exclusive remedy provision, under any state law this court may apply, to the extent not already alleged above.

180.    To the extent that Defendants may claim that one or more of Plaintiff and the Class Members' claims are barred by the applicable statute of limitations, Plaintiff and the Class Members assert that the statute of limitations is and has been tolled by, inter alia, Plaintiff and the Class Members' discovery that their injuries were caused by Defendants' defective product and failure to properly and adequately warn of the products' risks, all as more fully set forth in this Complaint, after the injury sustained by Plaintiff and the Class Members.

## JURY TRIAL DEMAND

Plaintiff and the Class Members demand a jury trial as to all claims and issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Members of the proposed Class pray that this Honorable Court do the following:

A.      Certify the matter as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure and order that notice be provided to all Class Members;

B.      Designate Plaintiff as representative of the Class and the undersigned counsel as Class Counsel;

C.      Award Plaintiff and the Class compensatory and punitive damages in an amount to be determined by the trier of fact;

D.      Award Plaintiff and the Class statutory interest and penalties;

E.      Award Plaintiff and the Class appropriate injunctive and/or declaratory relief;

F.      Award Plaintiff and the Class their costs, prejudgment interest, and attorney fees; and

G.      Grant such other relief as is just and proper.

Respectfully submitted,


THE DRISCOLL FIRM, P.C.

By:        /s/John J. Driscoll
        JOHN J. DRISCOLL, #6276464
        PHILIP SHOLTZ, #6290754
        211 N. Broadway, 40th Floor
        St. Louis, Missouri  63102
        314-932-3232 telephone
        314-932-3233 facsimile
        john@thedriscollfirm.com
        phil@thedriscollfirm.com

        *Attorneys for Plaintiffs*



/s/ Richard W. Schulte (*pro hac to be applied for*)
Richard W. Schulte (Ohio Bar #0066031)
WRIGHT & SCHULTE, LLC
865 S. Dixie Dr.
Vandalia, Ohio 45377
Tel: (937) 435-7500
Fax: (937) 435-7511
rschulte@yourlegalhelp.com
*Attorney for Plaintiffs*